UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:17 CR 111 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Delvon Houser, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1] (Doc. 40). For the following reasons, the motion is DENIED.

**Facts**

Defendant was charged with one count of illegal possession of a firearm by a

---

[1] Defendant originally filed this motion as a petition under 28 U.S.C. § 2241 in the Southern District of West Virginia. That court construed the petition as a § 2255 motion and transferred the matter to this Court which sentenced defendant in 2018.

1

convicted felon in violation of 18 U.S.C. § 922(g). After this Court denied defendant's motion to suppress evidence, defendant entered into a Plea Agreement and pleaded guilty to the charge. This Court sentenced defendant to a term of imprisonment of 92 months. Defendant appealed the denial of his motion to suppress. The Sixth Circuit Court of Appeals affirmed the judgment. *United States v. Delvon Houser*, No 18-3187 (6th Cir. Sept. 28, 2018).

This matter is now before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant presents one ground for relief. He asserts actual innocence based on *Rehaif v. United States,* 139 S.Ct. 2191 (2019). *Rehaif* requires that the government prove that defendant knew he possessed a firearm and that he belonged to the relevant category of

persons barred from possessing a firearm. Defendant maintains that when he entered into his plea, he did not know that he belonged to the relevant category of persons barred from possessing a firearm. Therefore, he argues that his conviction should be overturned in light of *Rehaif*.

The Court agrees with the government that defendant's argument is belied by his Plea Agreement. *Rehaif* requires proof that defendant knew he was previously convicted of an offense punishable by more than one year imprisonment. 18 U.S.C. § 922(g). Defendant was charged with knowingly possessing a firearm after "having been previously convicted of crimes punishable by imprisonment for a term exceeding one year..." (Doc. 1). Defendant signed the Plea Agreement which set forth the charge that he knowingly possessed the firearm and had been previously convicted of a crime punishable by imprisonment of more than one year.  (Doc. 19).  Defendant also acknowledged at his change of plea hearing that he reviewed and understood the Plea Agreement, and that he understood the offense for which he was charged. (Doc. 36). Finally, defendant did not object to the Presentence Investigation Report (PSR) which states that he had been convicted of more than one offense punishable by more than one year imprisonment.  The PSR further states that defendant stipulated to the factual basis of the Plea Agreement.  (Doc. 21). For these reasons, defendant's claim of actual innocence fails.

**Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is

no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

Dated: 6/27/23

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court